UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
TODD BRANHAM,

                    Petitioner,

          - against -                        **MEMORANDUM AND ORDER**

WILLIAM LEE, Superintendent,                 10 Civ. 3074 (NRB)
Green Haven Correctional Facility,

                    Respondent.
-----------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

     Pro se petitioner Todd Branham moves pursuant to Federal
Rule of Civil Procedure 60(b)(6) seeking vacatur of this Court's
Order of November 28, 2011 denying his petition for a writ of
habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner's motion
is denied.

     We assume familiarity with the facts of this case and only
provide the background relevant for deciding the instant motion.
On June 8, 2006, a jury convicted Branham of Murder in the Second
Degree under NYPL § 125.25(3) and Branham was sentenced to an
indeterminate term of imprisonment of twenty-five years to life.
Branham appealed his conviction and argued that the trial court's
exclusion of certain evidence violated his Due Process rights and
the introduction of an excited utterance violated his state
constitutional confrontation rights.   The Appellate Division,

1

First Department unanimously affirmed Branham's judgment of conviction. Branham sought leave to appeal to the New York State Court of Appeals, which denied his application.

Branham subsequently filed a writ of habeas corpus in this district. On December 14, 2010, after Branham's petition was fully briefed, Magistrate Judge Smith, to whom the case had been referred for a Report and Recommendation, held a phone conference with Branham and the Assistant District Attorney opposing his petition (the "ADA"). During this conference, Magistrate Judge Smith explained that she would review the papers and the record, prepare a Report and Recommendation, which Branham and the ADA could review and to which they could object. Magistrate Judge Smith further explained to Branham that he must read her Report and Recommendation promptly and file his objections within the applicable time limits. Finally, Magistrate Judge Smith asked if Branham wanted to add anything to his petition, and explained that it would take some time to complete the Report and Recommendation. On December 17, 2010, this Court withdrew the referral to Magistrate Judge Smith, and Branham's petition was denied without a hearing on November 29, 2011. Branham petitioned for a certificate of appealability and the Second Circuit denied his application.

Branham now moves this Court for relief from the judgment

2

denying his habeas petition pursuant to Federal Rule of Civil Procedure 60(b)(6). Branham argues that he is entitled to relief because Magistrate Judge Smith did not appoint him counsel as required by Graham v. Portuondo, 506 F.3d 105 (2d Cir. 2007) (per curiam).

Federal Rule of Civil Procedure 60(b)(6) permits a court to order relief from a final judgment or order on "just terms" on the basis of "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "Motions under Rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." Mendell In Behalf of Viacom, Inc. v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990), aff'd sub nom. Gollust v. Mendell, 501 U.S. 115, 111 S. Ct. 2173, 115 L. Ed. 2d 109 (1991). "[R]elief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004). "If a purported Rule 60(b) motion attacks the underlying criminal proceedings, a district court has two procedural options: The court may (1) recharacterize the Rule 60(b) motion as a new habeas petition (which, if it is 'second or successive,' should be transferred to the Second Circuit for possible certification), or (2) deny the portion of the motion

3

attacking the underlying conviction as beyond the scope of Rule 60(b)." Patterson v. United States, No. 06 Crim. 80 (NRB), 2015 WL 5033900, at *3 (S.D.N.Y. Aug. 26, 2015), appeal dismissed (Nov. 5, 2015).

A district court commits reversible error when it fails to appoint counsel in a Section 2254 proceeding in which an evidentiary hearing is held. Graham, 506 F.3d at 108; see also Rules Governing Section 2254 Cases in the United States District Courts 8(c) ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A."). However, where no evidentiary hearing is required, neither Graham nor Rule 8(c) requires a court to appoint counsel. See Rodriguez v. Mitchell, No. 94 Civ. 127 (ERK), 2013 WL 2383003, at *2 (E.D.N.Y. May 30, 2013). "To determine whether a hearing is evidentiary under Rule 8(c), courts look to whether the parties were given the opportunity to call witnesses, whether the hearing concerned legal or evidentiary issues, whether the petitioner was sworn, and whether the petitioner was cross-examined by the prosecution." Clark v. Kuhlman, No. 98-CV-6086, 2009 WL 87507, at *4 (E.D.N.Y. Jan. 12, 2009) (internal quotation marks omitted).

Here, Branham argues that he is entitled to relief pursuant to Graham because he was not appointed counsel prior to a

conference with Magistrate Judge Smith.  However, the December 14, 2010 conference was not an evidentiary hearing.  That conference contained none of the hallmarks of an evidentiary hearing: no witnesses were called, no evidentiary issues discussed, Branham was not sworn, nor was he cross-examined.  Rather, the conference was merely one in which Magistrate Judge Smith explained the "circumstance[s] that relate[] to [Branham's] petition," Dec. 14, 2010 Tr. at 2:17-18, i.e., that Magistrate Judge Smith would prepare a Report and Recommendation, to which Branham could file objections, and the this Court would make the ultimate determination.  Indeed, Branham's petition was denied without an evidentiary hearing.  Because no evidentiary hearing was held, Graham is inapplicable, and because the remainder of Branham's contentions are transparent attempts to reargue the underlying petition, that portion of his motion is outside the scope of Rule 60(b) and denied.  This Memorandum and Opinion terminates docket no. 29.

**SO ORDERED.**

Dated:     New York, New York
           September 8, 2016

                                   NAOMI REICE BUCHWALD
                                   UNITED STATES DISTRICT JUDGE

5

Copies of the foregoing Order have been mailed to the following:

**Pro Se Petitioner**
Todd Branham, 06 A 3427
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

**Attorney for Government**
Justin J. Braun, Esq.
Office of the District Attorney
Bronx County
198 East 161st Street
Bronx, NY 10451
15